IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT STEWART,<br>        Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>        Defendant. | )<br>)  No. 1:07-cv-00814 (JDB)<br>)<br>)<br>)<br>)<br>)<br>) |

## UNITED STATES' MOTION TO DISMISS

Under Fed. R. Civ. P. 12(b)(1), and (6), the defendant respectfully requests that the Court dismiss this action. As grounds for this motion, the defendant asserts that this Court lacks subject-matter jurisdiction over plaintiff's unauthorized collection claim, and the Anti-Injunction bars the relief sought by plaintiff.

Specifically, plaintiff has failed to state a claim for damages. Plaintiff has not alleged sufficient facts to demonstrate that he is entitled to any relief. Moreover, he has failed to demonstrate that he filed an administrative claim for damages, which is required before the United States' sovereign immunity is waived. See 26 U.S.C. § 7433(a); McGuirl v. United States, 360 F. Supp.2d 125, 128 (D.D.C. 2004). In addition, plaintiff seeks to enjoin the Internal Revenue Service from engaging in any further collection activity. (Compl., Remedy Sought ¶¶ 1, 2). Under 26 U.S.C. § 7421(a), no suit may be maintained restraining the assessment and collection taxes. Thus, this Court may not grant injunctive relief.

A supporting memorandum of law and proposed order are filed with this

motion.

DATED: July 6, 2007.                                Respectfully submitted,

/s/ Beatriz T. Saiz
BEATRIZ T. SAIZ
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Ben Franklin Station
Washington, DC 20044
Phone/Fax: (202) 307-6585/514-6866
Email: Beatriz T.Saiz@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT STEWART,<br>      Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>      Defendant. | )<br>)<br>)  No. 1:07-cv-00814 (JDB)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANT'S MOTION TO DISMISS**

The relief plaintiff requests in his complaint is an order for unspecified damages for alleged violations of 26 U.S.C. § 7433 (Comp., Remedy Sought ¶ 3) and an order enjoining the Internal Revenue Service from engaging in further collection activity (Comp., Remedy Sought ¶¶ 1, 2). The Court can not grant the requested relief.

<u>This Court Lacks Subject-Matter Jurisdiction Over Damages Claim</u>

Plaintiff purports to state a claim for damages under 26 U.S.C. § 7433, and seeks unspecified damages (Compl. Remedy Sought ¶ 3). This Court does not have jurisdiction over plaintiff's section 7433 claim because he has failed to demonstrate that he filed an administrative claim for damages with the Internal Revenue Service. The party bringing suit must show that the United States has unequivocally waived its sovereign immunity. <u>McGuirl v. United States</u>, 360 F. Supp.2d 125, 128 (D.D.C. 2004) (citing <u>McNutt v. General Motors Acceptance Corp.</u>, 298 U.S. 178, 182-83 (1936); <u>West v. F.A.A.</u>, 830 F.2d 1044, 1046 (9th Cir. 1987). Section 7433 of the Internal Revenue Code (26

U.S.C.) provides the predicates for the United States' waiver of sovereign immunity with respect to suits for wrongful collection actions. The Court lacks jurisdiction over the plaintiff's claim because the predicates of section 7433 have not been met.

Under section 7433(a), prior to bringing a suit in federal district court for damages for the unauthorized collection of taxes, taxpayers must exhaust their administrative remedies. 26 U.S.C. § 7433(a). "A judgment for damages shall not be awarded under [7433] subsection (b) *unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service*." 26 U.S.C. § 7433(d)(1) (emphasis added).

The Secretary of the Treasury has promulgated regulations governing the administrative claim for damages under section 7433. See 26 C.F.R. § 301.7433-1(e). The regulations provide that

> *An administrative claim for the lesser of $1,000,000 ($100,000 in the case of negligence) or actual, direct economic damages, as defined in paragraph (b) of this section [7433] shall be sent in writing* to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides.

26 C.F.R. § 301.7433-1(e)(1) (emphasis added). The taxpayer must send a written administrative claim for damages to the area director in the district in which the taxpayer lives and include the following: (1) the grounds for the claim; (2) a description of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including any damages not yet incurred but that are reasonably foreseeable; and (4) the signature of the taxpayer. 26 C.F.R. § 301.7433-1(e)(1) and (2). Failure to comply with this

-2-

regulation deprives a court of jurisdiction. See <u>Davenport v. United States</u>, 450 F. Supp.2d 96, 97 n.1 (D.D.C. 2006); <u>Holt v. Davidson</u>, 441 F. Supp.2d 92, 95 (D.D.C. 2006); <u>McGuirl v. United States</u>, 360 F. Supp.2d 125, 128 (D.D.C. 2004); <u>Venen v. United States</u>, 38 F.3d 100, 103 (3d Cir. 1994); <u>Conforte v. United States</u>, 979 F.2d 1375 (9th Cir. 1992).

The United States is aware that the court in <u>Turner v. United States</u>, 429 F. Supp.2d 149 (D.D.C. 2006) dismissed a similar complaint for failure to state a claim. For the reasons stated above, the United States continues to assert that the exhaustion requirement is jurisdictional. Specifically, the decision in <u>Turner</u> relied upon <u>Arbaugh v. Y & H Corp.</u>, 126 S. Ct. 1235 (2006), in which the Supreme Court addressed exhaustion of administrative remedies in the context of two private litigants in a Title VII suit. Neither of the private litigants had any attributes of sovereign immunity. Thus, neither litigant in <u>Arbaugh</u> could claim the benefit of the sovereign's long-recognized general principle that "the United States, as sovereign, 'is immune from suit save as it consents to be sued *** and the terms of its consent to be sued in any court *define that court's jurisdiction* to entertain the suit.'"<u>Lehman v. Nakshian</u>, 453 U.S. 156, 160 (1981) (emphasis added). Thus, when the United States has consented to suit, as it has in 26 U.S.C. § 7433, the terms of that consent define the court's jurisdiction.

One of the terms of the consent under section 7433 is that the taxpayer must have exhausted his administrative remedies. And as a term of consent to the waiver of sovereign immunity, the requirement of administrative exhaustion is by definition a part of the "court's jurisdiction to entertain the suit." Simply put, <u>Arbaugh</u> did not deal

with the special situation of sovereign immunity because neither party to the lawsuit was a sovereign. <u>Arbaugh</u> did not overrule <u>Nakshian</u>, because the two cases deal with entirely different statutory schemes of relief. Therefore, this Court should follow <u>Davenport</u>, <u>McGuirl</u>, and the several appellate decisions from other circuits that have properly concluded that section 7433's exhaustion requirement is an element of the United States' waiver of sovereign immunity, and thus an aspect of subject matter jurisdiction. In sum, the <u>Turner</u> decision, while it reached the correct result, failed to preserve the difference between administrative schemes involving private parties, and those that involve suits against the sovereign United States. Accordingly, the United States asks for dismissal on jurisdictional grounds.

 Here, plaintiff has not alleged that he filed a written claim with the area director which complies with the requirements of the regulations. Therefore, plaintiff has not met his burden to prove that the United States has unequivocally waived its sovereign immunity. Because plaintiffs have not met their burden to prove exhaustion of administrative remedies, this Court does not have jurisdiction over their section 7433 claim, and the Court should dismiss the complaint.

 Further, this Court does not have jurisdiction over plaintiff's section 7433 claim because plaintiff's claim is merely an improper attempt to challenge the underlying tax liability. Section 7433 of the Internal Revenue Code (26 U.S.C.) provides that a taxpayer may seek damages against the United States if in connection with the collection of Federal tax an officer or employee of the Internal Revenue Service recklessly or

intentionally, or by reason of negligence disregards any provision or regulation of the Internal Revenue Code. Thus, Section 7433 is limited to collection of the tax.

Plaintiff attempts to challenge the merits of the underlying tax liability under the guise of an unauthorized collection claim. His unauthorized collection claim is based on the belief that the assessment of any tax was improper. Thus, regardless of whether the examination or assessment was belated or improper, against all procedural and substantive safeguards, and without affording plaintiff due process of law, these allegations are insufficient to sustain an action under 26 U.S.C. § 7433. See Arnett v. United States, 889 F. Supp. 1424, 1430 (D. Kan. 1995) (actions taken during assessment of tax under 26 U.S.C. § 6672 do not constitute collection activity for purposes of Section 7433); Sylvester v. United States, 978 F. Supp. 1186 (E.D. Wis. 1997) (allegation that IRS incorrectly computed Section 6672 liability was an error in assessment and not collection and therefore irrelevant to Section 7433 claim); Zolman v. IRS, 87 F. Supp. 2d 763 (W.D. Mich. 1999) (mere assertion of improper assessment of tax liability, without more, is insufficient for Section 7433 claim).

Because the United States has not consented to be sued with respect to challenges of the underlying liability, plaintiff's challenge should be dismissed.

### Plaintiff Has Failed to State a Damages Claim

Plaintiff's complaint is legally insufficient and should be dismissed under Fed. R. Civ. P. 12(b)(6). Plaintiff purports to state a claim for damages. Plaintiff's complaint is legally insufficient, and should be dismissed under Fed. R. Civ. P. 12(b)(6). Section 7433

permits a taxpayer to bring a civil action for damages against the government "[i]f, in connection with the collection of federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally disregards any provision of the [Internal Revenue Code] or any regulation promulgated" thereunder. 26 U.S.C. § 7433.  Under Rule 8(a), a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a). But, here, there are no facts in the plaintiff's complaint to support a claim for damages, and thus, this Court should conclude that he has not in fact stated such a claim.  See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007).  For example, plaintiff does not describe the injuries he allegedly incurred.  In fact, no facts are alleged which establish that "any officer or employee of the [IRS] recklessly or intentionally disregard[ed] any provision of the [Code]."  26 U.S.C. § 7433.  Because plaintiff has failed to state a claim upon which relief can be granted, this Court should dismiss this case.

### This Court Lacks Subject-Matter Jurisdiction over Plaintiff's Claim under Section 7214 of the Internal Revenue Code.

The Court lacks jurisdiction over plaintiff's claim pursuant to 26 U.S.C. § 7214. Plaintiff asserts that the allegations of the complaint support a separate cause of action pursuant to section 7214.  (Compl. Remedy Sought ¶¶ 1, 2.)  Section 7214 (a) provides for dismissal from office and criminal penalties upon conviction and a fine of not more than $10,000.00 or imprisonment for up to five years, or both.  However, section 7214

provides no private cause of action to plaintiff against the United States.1/  See United States v. Little, 753 F.2d 1420, 1437 (9th Cir. 1985); United States v. Hill, 2006-1 U.S.T.C. ¶ 50,252 (D. Ariz. 2005).  Further, the United States has not waived its sovereign immunity to permit plaintiff to invoke the Court's jurisdiction under section 7214.  See Lonsdale v. United States, 919 F.2d 1440, 1444 (10th Cir. 1990).  Accordingly, this causes of action should be dismissed.

Plaintiff's Request for Injunction Is Barred by the Anti-Injunction Act

Plaintiff seeks an order enjoining the Internal Revenue Service from engaging in any further collection activities.  (Comp., Remedy Sought ¶¶ 1, 2).  Such injunctive relief is barred by the Anti-Injunction Act (26 U.S.C. § 7421).  The Act specifies that no court shall exercise jurisdiction over a suit for the "purpose of restraining the assessment or collection of any tax," as is the patent purpose of plaintiff's claim.  See 26 U.S.C. § 7421(a).  Thus, the Act precludes this Court from exercising jurisdiction over any action, such as this one, which seeks to enjoin the collection of taxes.  See Foodservice & Lodging Institute, Inc. v. Reagan, 809 F.2d 842, 844-45 (D.C. Cir. 1987); American Federation of Gov't Employees, AFL-CIO v. United States, 660 F. Supp. 12, 13 (D.D.C. 1987).

Although the Supreme Court has recognized a narrow, judicial exception to § 7421, the exception is inapplicable to the present case.  In Enochs v. Williams Packing

---

1/ Following a criminal conviction of a revenue employee, damages may be recoverable by the victim.  See Watts v. IRS, 925 F. Supp. 271, 279 (D.N.J. 1996): Brunwasser v. Jacob, 453 F. Supp. 567, 572-73 (W.D. Pa. 1978).

& Navigation Co., 370 U.S. 1, 7 (1962), the Supreme Court decided that the Anti-Injunction Act would not apply (1) if, when the facts and law are examined in the light most favorable to the government, under no circumstances could the government prevail, and (2) equity jurisdiction otherwise existed.  See Flynn v. United States, 786 F.2d 586, 589 (3d Cir. 1986).  The burden is on the plaintiff to demonstrate that his suit falls within the purview of the judicially-created exception to the Anti-Injunction Act.  Bowers v. United States, 423 F.2d 1207, 1208 (5th Cir. 1970).

Plaintiff cannot demonstrate that under the circumstances of this case, the government could never prevail.  Plaintiff fails to identify the dates of any alleged "wrongful" collection, any specifics as to any alleged wrongdoing by the Internal Revenue Service, or other facts which identify wrongdoing and his entitlement to relief.  Primarily he merely expresses his dissatisfaction that the Internal Revenue Service is attempting to collect his unpaid taxes.

As for the second prong, plaintiff has failed to demonstrate the existence of equitable jurisdiction.  Plaintiff must show that there is irreparable injury and inadequacy of legal remedies.  See Foodservice & Lodging Institute, 809 F.2d at 844-45; Flynn , 766 F.2d at 598.  In certain situations, plaintiff can temporarily forestall collection — which is the ultimate relief he requests — by requesting a "collection due process hearing" with the Internal Revenue Service.  See 26 U.S.C. § 6330.  Moreover, he can fully pay the taxes and then file a claim for refund.  Because the Internal Revenue Code provides administrative procedures by which he can obtain relief, there is no equitable

jurisdiction. Accordingly, the second prong of the Enochs test fails.

In sum, this Court lacks jurisdiction over plaintiff's request for injunctive relief because such relief is barred by the Anti-Injunction Act. Plaintiff has not established the extraordinary circumstances that may justify issuing an injunction under the judicial exception. Thus, the Court should dismiss this case.

## CONCLUSION

This Court does not have subject-matter jurisdiction over plaintiff's claim for damages. Plaintiff has failed to state a claim for damages. Likewise, the Anti-Injunction Act prohibits an injunction against the further collection of plaintiff's taxes. For these reasons, the Court should dismiss this case.

DATED: July 6, 2007

                                Respectfully submitted,

                                /s/ Beatriz T. Saiz
                                BEATRIZ T. SAIZ
                                Trial Attorney, Tax Division
                                U.S. Department of Justice
                                P.O. Box 227
                                Ben Franklin Station
                                Washington, DC 20044
                                Phone/Fax: (202) 307-6585/514-6866
                                Email: Beatriz T.Saiz@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT STEWART,<br>   Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>   Defendant. | )<br>) No. 1:07-cv-00814 (JDB)<br>)<br>)<br>)<br>)<br>)<br>) |

**<u>ORDER</u>**

Having considered the UNITED STATES' MOTION TO DISMISS, the supporting memorandum of points and authorities, any opposition and reply thereto, and the entire record of this proceeding, it is by the Court

ORDERED that the motion is GRANTED;

ORDERED that this action be, and is, DISMISSED; and it is further

ORDERED that the Clerk shall distribute copies of this order to the persons listed below.

SO ORDERED this ____ day of _____ 2007.


_____
UNITED STATES DISTRICT JUDGE

COPIES TO:

BEATRIZ T. SAIZ
Trial Attorney, Tax Division
U. S. Department of Justice
Post Office Box 227
Washington, DC  20044

ROBERT STEWART
1514 Avoca Eureka Road
Bedford, Indiana 47421

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT STEWART,                )  |   |
|     Plaintiff,                )  | No. 1:07-cv-00814 (JDB) |
|                                )  |   |
| v.                             )  |   |
|                                )  |   |
| UNITED STATES,                 )  |   |
|                                )  |   |
|     Defendant.               )  |   |

### CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing UNITED STATES' MOTION TO DISMISS, supporting MEMORANDUM, and proposed ORDER were served upon the following individual(s) on July 6, 2007, by sending a copy by First Class mail, postage prepaid, addressed as follows:

        Robert D. Stewart
        1514 Avoca Eureka Road
        Bedford, Indiana 47421

        /s/ Beatriz T. Saiz
        BEATRIZ T. SAIZ