## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ROBERT STEWART,           )
         Plaintiff,        )  No. 1:07-cv-00814 (JDB)
                     )
     v.                 )
                     )
UNITED STATES,          )
                     )
         Defendant.     )

### UNITED STATES' MOTION TO DISMISS

Defendant, the United States, moves pursuant to Fed. R. Civ. P. 12(b)(1) and (6) to dismiss plaintiff's amended complaint.  As grounds for this motion, the defendant asserts that this Court lacks subject-matter jurisdiction over plaintiff's unauthorized collection claim since plaintiff's complaint appears to be challenging the underlying tax liability rather than any unauthorized collection.  The United States has not waived its sovereign immunity over such damage claims.   Further, plaintiff has failed to state an unauthorized collection claim.  Plaintiff seeks relief pursuant to a criminal statute and the Court lacks jurisdiction over that claim.  In addition, plaintiff seeks to enjoin the Internal Revenue Service from engaging in any further collection activity.  (Compl., Remedy Sought ¶¶ 1, 2).  Under 26 U.S.C. § 7421(a), no suit may be maintained restraining the assessment and collection taxes.  Thus, this Court may not grant injunctive relief.

A supporting memorandum of law and proposed order are filed with this motion.

DATED: August 22, 2007.                     Respectfully submitted,

                                            /s/ Beatriz T. Saiz
                                            BEATRIZ T. SAIZ
                                            Trial Attorney, Tax Division
                                            U.S. Department of Justice
                                            P.O. Box 227
                                            Ben Franklin Station
                                            Washington, DC 20044
                                            Phone/Fax: (202) 307-6585/514-6866
                                            Email: Beatriz T.Saiz@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

ROBERT STEWART,                          )
                  Plaintiff,          )  No. 1:07-cv-00814 (JDB)
                               )
      v.                                 )
                               )
UNITED STATES,                           )
                               )
               Defendant.          )

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**
**OF DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT**

Plaintiff filed an amended complaint which should be dismissed on various grounds. Plaintiff seeks damages for alleged unauthorized collection actions by the employees of the Internal Revenue Service. For the reasons set forth below, the Court cannot grant the requested relief.

<u>This Court Lacks Subject-Matter Jurisdiction over Damages Claim</u>

Plaintiff purports to state a claim for damages against the United States (Am. Compl. Remedy Sought ¶ 3). This Court does not have jurisdiction over plaintiff's section 7433 claim because plaintiff's claim is merely an improper attempt to challenge the underlying tax liability.

The party bringing suit must show that the United States has unequivocally waived its sovereign immunity. <u>McGuirl v. United States</u>, 360 F. Supp.2d 125, 128 (D.D.C. 2004) (citing <u>McNutt v. General Motors Acceptance Corp.</u>, 298 U.S. 178, 182-83 (1936); <u>West v. F.A.A.</u>, 830 F.2d 1044, 1046 (9th Cir. 1987). Section 7433 of the Internal Revenue Code (26 U.S.C.) provides that a taxpayer may seek damages against the

United States if in connection with the collection of Federal tax an officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision or regulation of the Internal Revenue Code. Thus, Section 7433 is limited to collection of the tax.

Plaintiff attempts to challenge the merits of the underlying tax liability under the guise of an unauthorized collection claim. His unauthorized collection claim is based on the belief that the assessment of any tax was improper. Thus, regardless of whether the examination or assessment was belated or improper, against all procedural and substantive safeguards, and without affording plaintiff due process of law, these allegations are insufficient to sustain an action under 26 U.S.C. § 7433. See Arnett v. United States, 889 F. Supp. 1424, 1430 (D. Kan. 1995) (actions taken during assessment of tax under 26 U.S.C. § 6672 do not constitute collection activity for purposes of Section 7433); Sylvester v. United States, 978 F. Supp. 1186 (E.D. Wis. 1997) (allegation that IRS incorrectly computed Section 6672 liability was an error in assessment and not collection and therefore irrelevant to Section 7433 claim); Zolman v. IRS, 87 F. Supp. 2d 763 (W.D. Mich. 1999) (mere assertion of improper assessment of tax liability, without more, is insufficient for Section 7433 claim).

Because the United States has not consented to be sued with respect to challenges of the underlying liability, plaintiff's challenge should be dismissed.

<u>Plaintiff Has Failed to State a Damages Claim</u>

Plaintiff's complaint is legally insufficient and should be dismissed under Fed. R.

Civ. P. 12(b)(6).  Plaintiff purports to state a claim for damages.  Plaintiff's complaint is

legally insufficient, and should be dismissed under Fed. R. Civ. P. 12(b)(6).  Section 7433

permits a taxpayer to bring a civil action for damages against the government "[i]f, in

connection with the collection of federal tax with respect to a taxpayer, any officer or

employee of the Internal Revenue Service recklessly or intentionally disregards any

provision of the [Internal Revenue Code] or any regulation promulgated" thereunder.

26 U.S.C. § 7433.  Under Rule 8(a), a complaint need only contain a "short and plain

statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).

But, here, there are no facts in the plaintiff's complaint to support a claim for damages,

and thus, this Court should conclude that he has not in fact stated such a claim.   <u>See</u>

<u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 1964-65 (2007).  For example, plaintiff

does not describe the injuries he allegedly incurred.  In fact, no facts are alleged which

establish that "any officer or employee of the [IRS] recklessly or intentionally

disregard[ed] any provision of the [Code]."  26 U.S.C. § 7433.  Because plaintiff has

failed to state a claim upon which relief can be granted, this Court should dismiss this

case.

<u>This Court Lacks Subject-Matter Jurisdiction over Plaintiff's  Claim
under Section 7214 of the Internal Revenue Code.</u>

The Court lacks jurisdiction over plaintiff's claim pursuant to 26 U.S.C. § 7214.

Plaintiff asserts that the allegations of the complaint support a separate cause of action

pursuant to section 7214. (Am. Compl. Remedy Sought ¶ 3.) Section 7214 (a) provides

for dismissal from office and criminal penalties upon conviction and a fine of not more

than $10,000.00 or imprisonment for up to five years, or both. However, section 7214

provides no private cause of action to plaintiff against the United States.1/ See United

States v. Little, 753 F.2d 1420, 1437 (9th Cir. 1985); United States v. Hill, 2006-1 U.S.T.C.

¶ 50,252 (D. Ariz. 2005). Further, the United States has not waived its sovereign

immunity to permit plaintiff to invoke the Court's jurisdiction under section 7214. See

Lonsdale v. United States, 919 F.2d 1440, 1444 (10th Cir. 1990). Accordingly, this cause of

action should be dismissed.

<u>Plaintiff's Request for Injunction Is Barred by the Anti-Injunction Act</u>

Plaintiff seeks an order enjoining the Internal Revenue Service from engaging in

any further collection activities. (Am. Comp., Remedy Sought ¶¶ 1, 2). Such injunctive

relief is barred by the Anti-Injunction Act (26 U.S.C. § 7421). The Act specifies that no

court shall exercise jurisdiction over a suit for the "purpose of restraining the

assessment or collection of any tax," as is the patent purpose of plaintiff's claim. See 26

U.S.C. § 7421(a). Thus, the Act precludes this Court from exercising jurisdiction over

any action, such as this one, which seeks to enjoin the collection of taxes. See

Foodservice & Lodging Institute, Inc. v. Reagan, 809 F.2d 842, 844-45 (D.C. Cir. 1987);

American Federation of Gov't Employees, AFL-CIO v. United States, 660 F. Supp. 12, 13

---

    1/ Following a criminal conviction of a revenue employee, damages may be
recoverable by the victim. See Watts v. IRS, 925 F. Supp. 271, 279 (D.N.J. 1996):
Brunwasser v. Jacob, 453 F. Supp. 567, 572-73 (W.D. Pa. 1978).

(D.D.C. 1987).

Although the Supreme Court has recognized a narrow, judicial exception to § 7421, the exception is inapplicable to the present case.  In <u>Enochs v. Williams Packing & Navigation Co.</u>, 370 U.S. 1, 7 (1962), the Supreme Court decided that the Anti-Injunction Act would not apply (1) if, when the facts and law are examined in the light most favorable to the government, under no circumstances could the government prevail, and (2) equity jurisdiction otherwise existed.  See <u>Flynn v. United States</u>, 786 F.2d 586, 589 (3d Cir. 1986).  The burden is on the plaintiff to demonstrate that his suit falls within the purview of the judicially-created exception to the Anti-Injunction Act. <u>Bowers v. United States</u>, 423 F.2d 1207, 1208 (5th Cir. 1970).

Plaintiff cannot demonstrate that under the circumstances of this case, the government could never prevail.  Plaintiff fails to identify the dates of any alleged "wrongful" collection, any specifics as to any alleged wrongdoing by the Internal Revenue Service, or other facts which identify wrongdoing and his entitlement to relief. Primarily he merely expresses his dissatisfaction that the Internal Revenue Service is attempting to collect his unpaid taxes.

As for the second prong, plaintiff has failed to demonstrate the existence of equitable jurisdiction.  Plaintiff must show that there is irreparable injury and inadequacy of legal remedies.  See <u>Foodservice & Lodging Institute</u>, 809 F.2d at 844-45; <u>Flynn</u> , 766 F.2d at 598.  In certain situations, plaintiff can temporarily forestall collection — which is the ultimate relief he requests — by requesting a "collection due process

-4-

hearing" with the Internal Revenue Service. <u>See</u> 26 U.S.C. § 6330. Moreover, he can fully pay the taxes and <u>then</u> file a claim for refund. Because the Internal Revenue Code provides administrative procedures by which he can obtain relief, there is no equitable jurisdiction. Accordingly, the second prong of the <u>Enochs</u> test fails.

In sum, this Court lacks jurisdiction over plaintiff's request for injunctive relief because such relief is barred by the Anti-Injunction Act. Plaintiff has not established the extraordinary circumstances that may justify issuing an injunction under the judicial exception. Thus, the Court should dismiss this case.

## CONCLUSION

This Court does not have subject-matter jurisdiction over plaintiff's claim for damages. Plaintiff has also failed to state a claim for damages. Likewise, the Anti-Injunction Act prohibits an injunction against the further collection of plaintiff's taxes. For these reasons, the Court should dismiss this case.

DATED: August 22, 2007

Respectfully submitted,

<u>/s/ Beatriz T. Saiz</u>
BEATRIZ T. SAIZ
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Ben Franklin Station
Washington, DC 20044
Phone/Fax: (202) 307-6585/514-6866
Email: Beatriz T.Saiz@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

-4-

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

ROBERT STEWART,                    )
          Plaintiff,              )    No. 1:07-cv-00814 (JDB)
                        )
      v.                            )
                        )
UNITED STATES,                    )
                        )
          Defendant.              )

<u>**ORDER**</u>

Having considered the UNITED STATES' MOTION TO DISMISS THE

AMENDED COMPLAINT, the supporting memorandum of points and authorities, any

opposition and reply thereto, and the entire record of this proceeding, it is by the Court

      ORDERED that the motion is GRANTED;

      ORDERED that this action be, and is, DISMISSED;  and it is further

      ORDERED that the Clerk shall distribute copies of this order to the persons listed

below.

      SO ORDERED this ____day of _____2007.


                                         _____
                                         UNITED STATES DISTRICT JUDGE

COPIES TO:

BEATRIZ T. SAIZ
Trial Attorney, Tax Division_____
U. S. Department of Justice
Post Office Box 227
Washington, DC  20044

ROBERT STEWART
1514 Avoca Eureka Road
Bedford, Indiana 47421

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

ROBERT STEWART,            )
           Plaintiff,        )  No. 1:07-cv-00814 (JDB)
                      )
      v.               )
                      )
UNITED STATES,         )
                      )
           Defendant.    )

<u>**CERTIFICATE OF SERVICE**</u>

     IT IS CERTIFIED that the foregoing UNITED STATES' MOTION TO DISMISS

THE AMENDED COMPLAINT, supporting MEMORANDUM,  and proposed ORDER

were served upon the following individual(s) on August 22, 2007, by sending a copy by

First Class mail, postage prepaid, addressed as follows:


        Robert D. Stewart
        1514 Avoca Eureka Road
        Bedford, Indiana 47421


          <u>/s/ Beatriz T. Saiz</u>
          BEATRIZ T. SAIZ