# RECEIVED

DEC 1 7 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# United States District Court

## FOR THE DISTRICT OF COLUMBIA

Robert D. Stewart
1514 Avoca Eureka Road
Bedford, Indiana, 47421-8406

Case No. **1:07-cv-00814-JDB**

      Plaintiff,

Jury Trial Demanded

v.

UNITED STATES OF AMERICA

      Defendant.

**AMENDED
VERIFIED COMPLAINT, PETITION, AND CLAIM FOR JUDICIAL REVIEW UNDER
THE ADMINISTRATIVE PROCEDURE ACT
AND FOR DAMAGES UNDER THE AUTHORITY OF
THE TAXPAYER BILL OF RIGHTS, *aka* 26 U.S.C. § 7433**

## INTRODUCTION

COMES NOW FIELD(Plaintiff 1), in his own right, Faretta v. California, 422 US 809,

reserving his right to Assistance of Counsel, Id., AMENDMENT VI, UNITED STATES

CONSTITUTION, JUDICIARY ACT OF 1789, 1 Stat. 73, § 35, and 28 USC § 2072(b), and

the INTERNATIONAL COVENANT ON CIVIL AND POLITICAL RIGHTS, implemented by

EXECUTIVE ORDER 13107 on December 10, 1998, 63 Federal Register 240, pp

68991-68993 and for causes of action, avers:

## I. PARTIES

A.    FIELD(Plaintiff 1), plaintiff, is a Citizen of FIELD(State), a Republic, "State in th[e] Union," established in Art. IV § 4 United States Constitution, *see also*: Hooven & Allison v. Evatt, 324 U.S. 652, 672-674, domiciled at the address shown above.

B.    Defendant is the UNITED STATES OF AMERICA, established in Art. II, United States Constitution.

## II.    JURISDICTION

A.    The district court of the United States has jurisdiction

   1.    pursuant to §§ 704 and 706 of the ADMINISTRATIVE PROCEDURE ACT, 80 Stat. 392; 393,  to determine whether officers or employees responsible for agency actions[1] subject of Counts one through forty-one, below, disregarded identified provisions of the INTERNAL REVENUE CODE and regulations promulgated thereunder; and,

   2.    pursuant to the FEDERAL RECORDS ACT; 82 Stat. 1297, *et seq.*; and the NATIONAL ARCHIVES ACT, 90 Stat. 2723, *et seq.*, to review the agency record for the purposes described in ¶ II.A., above; and,

B.    Upon such finding, the district court of the United States has power, pursuant to § 706 of the ADMINISTRATIVE  PROCEDURE ACT, 80 Stat. 393, to compel agency action unlawfully withheld or unreasonably denied; Id., 80 Stat. 393 , and to hold unlawful and set aside agency action,

---

[1]"'Agency action' includes the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act;" 5 USC 551 (13).

findings, and conclusions found to be,

    1. in disregard of, i.e., not in accordance with, the identified provisions of the INTERNAL REVENUE CODE and regulations promulgated thereunder;

    2. contrary to constitutional right, power, privilege, or immunity; in excess of statutory jurisdiction, authority, or limitations of the identified provisions of the INTERNAL REVENUE CODE and regulations promulgated thereunder, or

    3. short of statutory right; without observance of procedure required by the identified provisions of the INTERNAL REVENUE CODE and regulations promulgated thereunder, and,

C.    Upon such finding, to award damages for such disregard of identified provisions of the INTERNAL REVENUE CODE and regulations promulgated thereunder, pursuant to the Taxpayers' Bill of Rights, P.L 105-206, § 3102, 112 Stat 730, *aka* § 7433 of the Internal Revenue Code of 1986, 102 Stat. 3747, as amended

## III.   VENUE

A.    Venue is proper in the District of Columbia, (26 USC §7433), as the permanent seat of government of the United States pursuant to Title 4, United States Code, § 71, 61 Stat. 643, wherein "The Office of the Secretary" is required to be exercised, pursuant to Title 4, United States Code, § 72, 61 Stat. 643, and is so exercised, at 1500 Pennsylvania. Ave. N.W., Washington D.C.

## IV.  ALLEGATIONS[2]

Plaintiff, in accordance with the "notice pleading" requirements set forth in Fed.R.Civ.P. 8(a), as interpreted in *Conley v. Gibson*, 355 U.S. 41[3], and reiterated in *Jones v. Bock,* 549 U.S. _____ (January, 2007), alleges and verifies:

COUNT 1

By disregard of Internal Revenue Code section 6020, 68A Stat. 740, subsection (a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare any Substitute(s) for Return(s) in the name of FIELD(Plaintiff 1) as authorized *if* a "...person shall fail to make a return required...".

### FACTUAL BASIS:

Plaintiff, possessing statutory rights to access agency records pertaining to him, (see also, ¶ __), had sought copies of any Substitute(s) for Return(s) contained in agency records in a Collection Due Process proceeding  (see also, ¶ __), and production of such was refused on October 13, 2006, as shown in Exhibit ___.

Plaintiff, possessing statutory rights to access agency records pertaining to him, (see ¶ __), also sought copies of any Substitute(s) for Return(s) contained in agency records on 28 November 2006, and such request has been ignored.

Defendant's failure to produce records required by the FEDERAL RECORDS ACT

---

[2] This listing is not inclusive.  There may be other provisions of Title 26 and its regulations that plaintiff(s) is/are not aware of which have been disregarded.

[3] "(b) Failure of the complaint to set forth speci ic facts to support its general allegations of discrimination was not a sufficient [355 U.S. 42] ground for dismissal of the suit, since the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim." Pp. 47-48.

to have been made, and required thereby, *See: American Friends Service Committee v Webster* (1983) 231 US App DC 265, 720 F2d 29, and by the FREEDOM OF INFORMATION ACT, and by the PRIVACY ACTs, as well as the Internal Revenue Code (see ¶ __), to be produced upon request, is an agency action, 5 U.S.C. § 551(13), rebutting any presumption that such Substitute(s) for Return(s) are contained in agency records.

COUNT 2

By disregard of Federal Tax Regulations in 27 CFR Part 53, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, for which Internal Revenue Code section 6020 purportedly provides authority, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare any Substitute(s) for Return(s) in the name of FIELD(Plaintiff 1).

FACTUAL BASIS:

See Count 1.

COUNT 3

By disregard of Federal Tax Regulations in 27 CFR Part 70, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, for which Internal Revenue Code section 6020 provides authority, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare any Substitute(s) for Return(s) in the name of FIELD(Plaintiff 1).

FACTUAL BASIS:

See Count 1.

COUNT 4

By disregard of Federal Tax Regulations in Federal Tax Regulation 26 CFR 301.6020-1, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, to implement the provisions of Internal Revenue Code section 6020 with respect to income tax, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare any Substitute(s) for Return(s) in the name of FIELD(Plaintiff 1).

FACTUAL BASIS:

See Count 1.

COUNT 5

By disregard of Internal Revenue Code section 6020 , 68A Stat. 740, subsection (b)(2), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to execute any Substitute(s) for Return(s) in the name of FIELD(Plaintiff 1).

FACTUAL BASIS:

See Count 1.

COUNT 6

By disregard of Federal Tax Regulation 26 CFR 301.6020-1, subsection (b)(2), promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, to implement the provisions of Internal Revenue Code section 6020 , 68A Stat. 740, subsection (b)(2) with respect to income tax, with intent to defeat the application thereof: defendant, through

principals, officers, agents, and/or employees of Internal Revenue Service, purported to

be a component of the Department of Treasury, failed to execute any Substitute(s) for

Return(s) in the name of FIELD(Plaintiff 1).

## FACTUAL BASIS:

See Count 1.

COUNT 7

By disregard of Internal Revenue Code section 6103 , 68A Stat. 753, subsection (c),

with intent to defeat the application thereof: defendant, through principals, officers, agents,

and/or employees of Internal Revenue Service, purported to be a component of the

Department of Treasury, failed to disclose returns, e.g., Substitute(s) for Return(s), and

return information to Plaintiff or Plaintiff's representative upon request.

## FACTUAL BASIS:

See Count 1.

COUNT 8

By disregard of Internal Revenue Code section 6201, 68A Stat. 767, subsection (a),

paragraphs (1) and (2), with intent to defeat the application thereof: defendant, through

principals, officers, agents, and/or employees of Internal Revenue Service, purported to

be a component of the Department of Treasury, failed to limit assessments to:

     1.    Taxes shown on return 26 USC § 6201(a)(1); and,

     2.    Unpaid taxes payable by stamp 26 USC § 6201(a)(2).

## FACTUAL BASIS:

See Count 1, regarding non-existent Substitute(s) for Return(s).

COUNT 9

By disregard of Internal Revenue Code section 6202, 68A Stat. 768, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, upon information and belief, exceeded the limitations imposed upon the Secretary's authority to establish by regulations the mode or time for the assessment of any internal revenue tax (including interest, additional amounts, additions to the tax, and assessable penalties).

## FACTUAL BASIS:

Internal Revenue Code section 6202, 68A Stat. 768, limits the Secretary's authority to instances in which "...the mode or time for the assessment of any internal revenue tax (including interest, additional amounts, additions to the tax, and assessable penalties) *is not otherwise provided for...*" (emphasis added). The "mode" of assessment is "otherwise provided for" in Internal Revenue Code section 6203, 68A Stat. 768 (See: Count 10), prohibiting the Secretary from "establish[ing] the same by regulations" (bracketed suffix added), and "time" for assessment is "otherwise provided for" in Internal Revenue Code section 6303, 68A Stat 775 (See: Count 23), prohibiting the Secretary from action other than "...within 60 days, after the making of an assessment of a tax pursuant to section 6203, give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof".

Defendant's failure to produce records required by Internal Revenue Code section 6203, 68A Stat. 768, and the FEDERAL RECORDS ACT to have been made, and required thereby, *See:* Internal Revenue Code section 6203, 68A Stat. 768, and *American Friends Service Committee v Webster* (1983) 231 US App DC 265, 720 F2d 29, respectively; and

by the FREEDOM OF INFORMATION ACT, and by the PRIVACY ACTs, to be produced upon request, is an agency action, 5 U.S.C. § 551(13), rebutting any presumption that such "assessment[s] ... made by recording the liability of the taxpayer in the office of the Secretary..." (See: SECTION III, Venue, above), are contained in agency records.

COUNT 10

By disregard of Internal Revenue Code section 6203, 68A Stat. 768, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to record assessment(s) in the office of the Secretary in the name of FIELD(Plaintiff 1).

## FACTUAL BASIS:

See: Count 9.

COUNT 11

By disregard of Federal Tax Regulation 301.6203-1, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, to implement  the provisions of Internal Revenue Code section 6203, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, upon information and belief, failed to appoint any assessment officer to make assessments in Indiana.

## FACTUAL BASIS:

Federal Tax Regulation 301.6203-1 requires that: "The district director and the director of the regional service center shall appoint one or more assessment officers. The district director shall also appoint assessment officers in a Service Center servicing his

district..." and mandates that "...The assessment shall be made by an assessment officer signing the summary record of assessment."

Defendant's failure, upon information and belief, to appoint any assessment officer is an agency action, 5 U.S.C. § 551(13), rebutting any presumption that such "assessments" made in compliance with Federal Tax Regulation 301.6203-1 are contained in agency records.

COUNT 12

By disregard of Federal Tax Regulation 301.6203-1, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, to implement the provisions of Internal Revenue Code section 6203, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to execute, i.e., sign, summary record(s) of assessment, which include(s),

(1)    identification of the taxpayer;

(2)    character of liability assessed;

(3)    taxable period, if applicable; and,

(4)    amount of assessment.

### FACTUAL BASIS:

See Count 11.

COUNT 13

By disregard of Internal Revenue Code section 6203, 68A Stat. 768, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the

Department of Treasury, failed to furnish Plaintiff copies of assessments "filed in the Office of the Secretary" upon request.

### FACTUAL BASIS:

Defendant's failure to produce records required by Federal Tax Regulation 301.6203-1 and Internal Revenue Code section 6203, 68A Stat. 768, and the FEDERAL RECORDS ACT to have been made, and required thereby, *See:* Internal Revenue Code section 6203, 68A Stat. 768, and *American Friends Service Committee v Webster* (1983) 231 US App DC 265, 720 F2d 29, respectively; and by the FREEDOM OF INFORMATION ACT, and by the PRIVACY ACTs, to be produced upon request, is an agency action, 5 U.S.C. § 551(13), rebutting any presumption that any "assessments" made in compliance with Federal Tax Regulation 301.6203-1 are contained in agency records.

COUNT 14

By disregard of Federal Tax Regulation 301.6203-1, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, to implement  the provisions of Internal Revenue Code section 6203, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to furnish Plaintiff copies of signed summary records of assessment with supporting lists upon request.

### FACTUAL BASIS:

Defendant's failure to produce records required by Federal Tax Regulation 301.6203-1 and Internal Revenue Code section 6203, 68A Stat. 768, and the

FEDERAL RECORDS ACT to have been made, and required thereby, *See:* Internal

Revenue Code section 6203, 68A Stat. 768, and *American Friends Service Committee*

*v Webster* (1983) 231 US App DC 265, 720 F2d 29, respectively; and by the

FREEDOM OF INFORMATION ACT, and by the PRIVACY ACTs, to be produced upon

request, is an agency action, 5 U.S.C. § 551(13), rebutting any presumption that any

"assessments" made in compliance with Federal Tax Regulation 301.6203-1 are

contained in agency records.

COUNT 15

By disregard of Internal Revenue Code section 6211, 68A Stat. 770, with intent

to defeat the application thereof: defendant, through principals, officers, agents, and/or

employees of Internal Revenue Service, purported to be a component of the

Department of Treasury, failed to promulgate regulations to implement Internal

Revenue Code section 6211, 68A Stat. 770 with respect to tax imposed in Subtitle A of

the Internal Revenue Code.

COUNT 16

By disregard of Internal Revenue Code section 6301, 68A Stat. 775, as

amended by the IRS Restructuring and Reform Act of 1998, section 3421, 112 Stat

758[4], with intent to defeat the application thereof: defendant, through principals,

officers, agents, and/or employees of Internal Revenue Service, purported to be a

component of the Department of Treasury, exceeded the limits imposed upon the

Secretary's authority to collect taxes; i.e., taxes imposed by the Internal Revenue Code

---

[4]Applicable no later than December 31, 2000.  P.L. 105-206, § 3421(c).

. Specifically:

1.    The Commissioner of Internal Revenue failed to develop and implement procedures under which - "(1) a determination by an employee to file a notice of lien or levy with respect to, or to levy or seize, any property or right to property would, where appropriate, be required to be reviewed by a supervisor of the employee before the action was taken" with respect to income taxes imposed in Subtitle A; and,

2.    The Commissioner of Internal Revenue failed to develop and implement procedures under which -"(2) appropriate disciplinary action would be taken against the employee or supervisor where the procedures under paragraph (1) were not followed" with respect to income taxes imposed in Subtitle A; and,

3.    The Commissioner of Internal Revenue failed to develop and implement a review process under subsection (a)(1), with respect to income taxes imposed in Subtitle A, which includes a certification that the employee -

"(1) reviewed the taxpayer's information;

"(2) verified that a balance is due; and

"(3) affirmed that the action proposed to be taken is appropriate given the taxpayer's circumstances, considering the amount due and the value of the property or right to property."

FACTUAL BASIS:

Exhibit ___ shows that neither the Secretary nor the Commissioner fulfilled the statutory duty imposed in the IRS Restructuring and Reform Act of 1998, section 3421, 112 Stat 758.

Defendant's failure to produce records of activity in accordance with Internal Revenue Code section 6301 required by the FEDERAL RECORDS ACT to have been made, and required thereby, *See: American Friends Service Committee v Webster* (1983) 231 US App DC 265, 720 F2d 29, and by the FREEDOM OF INFORMATION ACT, and by the PRIVACY ACTs, as well as the Internal Revenue Code  (see ¶ __), to be produced upon request, is an agency action, 5 U.S.C. § 551(13), rebutting any presumption that such activity in accordance with Internal Revenue Code section 6301 was documented in agency records.

COUNT 17

By disregard of Federal Tax Regulations in 27 CFR Part 25, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to implement the provisions of Internal Revenue Code section 6301 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

### FACTUAL BASIS

See Count 16.

COUNT 18

By disregard of Federal Tax Regulations in 27 CFR Part 26, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to implement the provisions of Internal Revenue Code

section 6301 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

FACTUAL BASIS

See Count 16.

COUNT 19

By disregard of Federal Tax Regulations in 27 CFR Part 270, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to implement the provisions of Internal Revenue Code section 6301 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

FACTUAL BASIS

See Count 16.

COUNT 20

By disregard of Federal Tax Regulations in 27 CFR Part 41, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to implement the provisions of Internal Revenue Code section 6301 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

FACTUAL BASIS

See Count 16.

COUNT 21

By disregard of Federal Tax Regulations in 27 CFR Part 53, promulgated

pursuant to Internal Revenue Code section 7805, 68A Stat. 917, with intent to defeat

the application thereof: defendant, through principals, officers, agents, and/or

employees of Internal Revenue Service, purported to be a component of the

Department of Treasury, failed to implement the provisions of Internal Revenue Code

section 6301 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

### FACTUAL BASIS

See Count 16.

### COUNT 22

By disregard of Federal Tax Regulations in 27 CFR Part 70, promulgated

pursuant to Internal Revenue Code section 7805, 68A Stat. 917, with intent to defeat

the application thereof: defendant, through principals, officers, agents, and/or

employees of Internal Revenue Service, purported to be a component of the

Department of Treasury, failed to implement the provisions of Internal Revenue Code

section 6301 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

### FACTUAL BASIS

See Count 16

### COUNT 23

By disregard of Internal Revenue Code section 6303, 68A Stat. 775, with intent

to defeat the application thereof: defendant, through principals, officers, agents, and/or

employees of Internal Revenue Service, purported to be a component of the

Department of Treasury, failed to "within 60 days after the making of an assessment of

a tax pursuant to section 6203, give notice to each person liable for the unpaid tax,

stating the amount and demanding payment thereof" with respect to tax imposed in

Subtitle A of the Internal Revenue Code.

FACTUAL BASIS

Defendant's failure to produce records required by Federal Tax Regulation

301.6103-1 and Internal Revenue Code section 6103, 68A Stat. 753, and the

FEDERAL RECORDS ACT to have been made, and required thereby, *See:* Internal

Revenue Code section 6203, 68A Stat. 768, and *American Friends Service Committee*

*v Webster* (1983) 231 US App DC 265, 720 F2d 29, respectively; and by the

FREEDOM OF INFORMATION ACT, and by the PRIVACY ACTs, to be produced upon

request, is an agency action, 5 U.S.C. § 551(13), rebutting any presumption that any

"assessments" made in compliance with Federal Tax Regulation 301.6203-1 are

contained in agency records, or that proper notice under Internal Revenue Code section

6303, 68A Stat. 775 was given.

COUNT 24

By disregard of Federal Tax Regulations in 27 CFR Part 53, promulgated

pursuant to Internal Revenue Code section 7805, 68A Stat. 917, with intent to defeat

the application thereof: defendant, through principals, officers, agents, and/or

employees of Internal Revenue Service, purported to be a component of the

Department of Treasury, failed to implement the provisions of Internal Revenue Code

section 6303 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

FACTUAL BASIS

See Counts 10; 23.

COUNT 25

By disregard of Federal Tax Regulations in 27 CFR Part 70, promulgated

pursuant to Internal Revenue Code section 7805, 68A Stat. 917, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to implement the provisions of Internal Revenue Code section 6303 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

## FACTUAL BASIS

See Counts 10; 23; 24.

COUNT 26

By disregard of Internal Revenue Code section 6304, 112 Stat. 768, subsection (b), paragraph (1), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, engaged in "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of any unpaid tax."

## FACTUAL BASIS

Defendant's repeated failures to produce records required by Federal Tax Regulations, the Internal Revenue Code, and the FEDERAL RECORDS ACT to have been made, and required thereby, See: Internal Revenue Code sections 6103, 6203, and American Friends Service Committee v Webster (1983) 231 US App DC 265, 720 F2d 29, respectively; and by the FREEDOM OF INFORMATION ACT, and by the PRIVACY ACTs, to be produced upon request, are agency actions, 5 U.S.C. § 551(13), rebutting any presumption that "the collection of any unpaid tax" form any basis for defendant's actions.

COUNT 27

By disregard of Internal Revenue Code section 6320 , 112 Stat. 746, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to hold a meaningful hearing in conjunction with subsections (c), (d) (other than paragraph (2)(B) thereof), and (e) of section 6330.

### FACTUAL BASIS

See Exhibit __.

COUNT 28

By disregard of Internal Revenue Code section 6321, 68A Stat. 779, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, asserted a lien for failure or neglect to pay in the record absence of proper notice and without making demand.

### FACTUAL BASIS

See Counts 10-25.

COUNT 29

By reckless or intentional disregard of Federal Tax Regulations in 27 CFR Part 70, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to implement the provisions of Internal Revenue Code section 6321 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 30

By disregard of Internal Revenue Code section 6322, 68A Stat. 779, with intent

to defeat the application thereof: defendant, through principals, officers, agents, and/or

employees of Internal Revenue Service, purported to be a component of the

Department of Treasury, asserted liens for which no assessment was made in

accordance with Internal Revenue Code section 6203 and Federal Tax Regulation

301.6203-1.

FACTUAL BASIS:

See: Counts 10-25.  Defendant's failure to produce records required by Federal

Tax Regulation 301.6203-1 and Internal Revenue Code section 6203, 68A Stat. 768,

and the FEDERAL RECORDS ACT to have been made, and required thereby, *See:*

Internal Revenue Code section 6203, 68A Stat. 768, and *American Friends Service*

*Committee v Webster* (1983) 231 US App DC 265, 720 F2d 29, respectively; and by the

FREEDOM OF INFORMATION ACT, and by the PRIVACY ACTs, to be produced upon

request, is an agency action, 5 U.S.C. § 551(13), rebutting any presumption that any

"assessments" made in compliance with Federal Tax Regulation 301.6203-1, as

described in IRC 6322, are contained in agency records.

COUNT 31

By disregard of Internal Revenue Code section 6323, 68A Stat. 779, subsection

(f), paragraph (1), subparagraph (A), with intent to defeat the application thereof:

defendant, through principals, officers, agents, and/or employees of Internal Revenue

Service, purported to be a component of the Department of Treasury, failed to certify

notice(s) of lien(s) entitling same to be recorded pursuant to the Uniform Federal Tax

Lien Registration Act, as enacted in Indiana.

COUNT 32

By disregard of Federal Tax Regulations in 27 CFR Part 70, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to implement the provisions of Internal Revenue Code section 6323 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 33

By disregard of Federal Tax Regulations in 27 CFR Part 301, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to implement the provisions of Internal Revenue Code section 6323 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 34

By disregard of Internal Revenue Code section 7213, 68A Stat. 855, subsection (a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, unlawfully disclosed return information - by filing notice(s) of lien(s) in stated amounts for which no record of assessment exists.

**V**

## SPECIAL MATTERS

Counts one through thirty-four, above, are realleged and incorporated as if fully set forth herein. Upon information and belief, each disregard of provisions of the INTERNAL REVENUE CODE and regulations promulgated thereunder identified above; intended to defeat the application of the respective provision of the Internal Revenue Code, is a separate and distinct violation of IRC § 7214(a)(3).

### REMEDY SOUGHT

. Plaintiffs seek a determination that principals, officers, agents, and/or employees of defendant's agency (Internal Revenue Service) disregarded cited provisions of the Internal Revenue Code and/or regulations promulgated under that Title with intent to defeat the application thereof.

. Upon determination as sought, plaintiff(s) seek(s) an ORDER:

1. compelling agency action unlawfully withheld or unreasonably denied;

2. holding unlawful and setting aside the agency actions, findings, and conclusions found to be,

> A. in disregard of, i.e., not in accordance with, the identified provisions of the INTERNAL REVENUE CODE and regulations promulgated thereunder;
>
> B. contrary to constitutional right, power, privilege, or immunity; in excess of statutory jurisdiction, authority, or limitations of the identified provisions of the INTERNAL REVENUE CODE and regulations promulgated thereunder, or
>
> C. short of statutory right; without observance of procedure required by the identified provisions of the INTERNAL REVENUE CODE and

regulations promulgated thereunder, and,

3.   directing defendants to pay damages in accordance with section 7433, in

an amount equal to the fine imposed in Internal Revenue Code section

7214(a) for each disregard with intent to defeat the provisions thereof, i.e.,

10,000.00 per disregard.

Dated: _12 – 13 –_____, 2007

_Robert D. Stewart_
Robert D. Stewart

## Jurat

Sworn to and subscribed before me, a Notary Public in the State of Indiana, this
___13th___ day of Dec ___, 2007.

_____
Notary Public

My Commission expires: __4 – 23 – 15__

