RECEIVED

JAN 30 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# United States District Court
## FOR THE DISTRICT OF COLUMBIA

Robert D. Stewart
1514 Avoca Eureka Road
Bedford, Indiana, 47421-8406

Case No. **1:07-cv-00814-JDB**

       Plaintiff,

**Response to Motion to Dismiss Complaint**

v.

UNITED STATES OF AMERICA

       Defendant.

## INTRODUCTION

Defendant's assertion that this Court lacks subject-matter jurisdiction in the instant matter on the basis of the frivolous assertion that I "appear[s] to be challenging the underlying tax liability" and that I "failed to state an unauthorized collection claim" is without merit.

I, Robert D. Stewart, Plaintiff, hereby respond to the United States' Motion to Dismiss my Amended Verified Complaint:

## QUESTION PRESENTED

Is defendant's citation to cases litigated upon Trust Fund Recovery Penalty assessments a misrepresentation of the issues in the instant case?

## DISCUSSION

In citing Arnett v. United States, 889 F. Supp. 1424,1430 (D. Kan. 1995) and Sylvester v. United States 978 F. Supp. 1186 (E.D. Wis. 1997), defendant's motion borders upon perpetrating a fraud upon the Court; both of the cited cases, as quoted by defendant, relate to "actions taken during assessment of tax under 26 U.S.C. 6672", and "allegation that IRS incorrectly computed Section 6672 liability", and are completely irrelevant to the instant action. Even the third citation, Zolman v. IRS, 87 F. Supp. 2d 765 (W.D. Mich. 1999), is limited, by defendant's admission that Zolman was limited, specifying "mere assertion of improper assessment of tax liability, *without more*, is insufficient for Section 7433 claim"[1]. A review of our Verified Complaint shows that there is no allegation of "assessment of tax under 26 U.S.C. 6672" ..., "incorrectly computed" or otherwise, and that, in fact, much more than "mere assertion of improper assessment" is alleged in the instant case.

## QUESTION PRESENTED

Is defendant asking the Court to impose a "heightened pleading standard" to misdirect the Court into dismissal?

## DISCUSSION

Plaintiff asserts that every provision of the Internal Revenue Code, and every tax regulation implementing a Code provision, is "in connection with...collection." As a matter of law, "collection" is the sole purpose of the Act of August 16, 1954, its predecessors and successors. However, in attacking certain counts that defendant admits are cognizable under TBOR, defendant asserts that

---

[1] Zolman's qualifying language establishes that "assertion of improper assessment of tax liability, *with* more, is sufficient for Section 7433 claim"

> "[T]hese counts are legally insufficient because they fail to provide the necessary factual detail to state a claim, and should be dismissed under Fed. R. Civ. P. 12(b)(6)." (sic) <u>Memo In Support</u>, p. 3.

However, defendant, immediately thereafter, acknowledges that

> "Under Rule 8(a), a complaint need only contain 'a short and plain statement of the claim that gives the defendant fair notice of the claim and grounds upon which it rests.' Fed.R.Civ.P. 8(a)."

I assert that my Amended Verified Complaint meets the "notice pleading" requirements set forth in Fed.R.Civ.P. 8(a), as interpreted in *Conley v. Gibson*, 355 U.S. 41[2], and modified in *Bell Atl. Corp. v. Twombly*, 550 U.S. ___, 127 S. Ct. 1955, 1964 (2007), in that all that the Federal Rules of Civil Procedure require of a complaint is that it contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"

I assert that my Amended Verified Complaint "give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests," in each Count,[3] to wit:

Count One is factually supported:

> "Plaintiff, possessing statutory rights to access agency records pertaining to him, (see also, Count 27), had sought copies of any Substitute(s) for Return(s) contained in agency records in a Collection Due Process proceeding, and production of such was refused on October 13, 2006, as shown in Exhibit A, my response to CDP Determination.
> "Plaintiff, possessing statutory rights to access agency records pertaining

---

[2] "(b) Failure of the complaint to set forth specific facts to support its general allegations of discrimination was not a sufficient [355 U.S. 42] ground for dismissal of the suit, since the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim." Pp. 47-48.

[3] Particularly with respect to the counts that defendant admits are cognizable under TBOR.

to him, also sought copies of any Substitute(s) for Return(s) contained in agency records on 28 November 2006, and such request has been ignored."

<u>Amended Verified Complaint</u>, p. 4.

Counts 2 through 8 rely upon the same factual basis. <u>Amended Verified Complaint</u>, pp. 5-7.

Counts 9 and 10 are factually supported, <u>Amended Verified Complaint</u>, p. 8, as are Counts 11 and 12, <u>Amended Verified Complaint</u>, p. 9; Count 13, <u>Amended Verified Complaint</u>, p. 11; Count 14, <u>Amended Verified Complaint</u>, p. 11; Counts 15 through 22, <u>Amended Verified Complaint</u>, p. 13; Count 23, <u>Amended Verified Complaint</u>, p. 17; Count 24, <u>Amended Verified Complaint</u>, pp. 8; 17; Count 25, <u>Amended Verified Complaint</u>, pp. 8; 17, 18; Count 26, <u>Amended Verified Complaint</u>, p. 18; Count 27, by Exhibit; Count 28, <u>Amended Verified Complaint</u>, pp. 8, 9, 11, 13, 17, 18, 19; Counts 29 and 30, <u>Amended Verified Complaint</u>, p. 20.

As a matter of record, defendant's assertions as to Count 27 are factually erroneous, as Count 27 specifies IRC 6320 (CDP Hearing on Lien), which is to be conducted in the manner set forth in 6330.

Similarly, defendant's assertions as to Count 31 border on misrepresentation. IRC 6323(f), requires that NFTL's be "filed under State laws". It is the "State laws" of Indiana, specifically, IC 36-2-11-25(b), <u>made operative by IRC 6323(f), a federal law</u>, that requires:

> (b) ... The entries made under this subsection must show the date of filing, the book and page number or instrument number, the name of the person named in the notice, a legal description of the property, if appropriate, and any serial number or other identifying number given in the notice.

It is the "State laws" of Indiana, specifically, IC 36-2-11-16(c), <u>made operative by IRC 6323(f), a federal law</u>, that requires:

> (c) The recorder may receive for record an instrument only if:
> (1) the name of each person who executed the instrument is legibly printed, typewritten, or stamped immediately beneath his signature or the signature itself is printed, typewritten, or stamped;
> (2) the name of each witness to the instrument is legibly printed, typewritten, or stamped immediately beneath his signature or the signature itself is printed, typewritten, or stamped;
> (3) the name of each notary public whose signature appears on the instrument is legibly printed, typewritten, or stamped immediately beneath his signature or the signature itself is printed, typewritten, or stamped; and
> (4) the name of each person who executed the instrument appears identically in the body of the instrument, in the acknowledgment or jurat, in his signature, and beneath his signature; or if subsection (d) is complied with.

The option, written into IC 36-2-11-16(c), "if subsection (d) is complied with", provides defendant no relief:

> (d) The recorder may receive for record an instrument that does not comply with subsection (c) if:
> (1) a printed or typewritten affidavit of a person with personal knowledge of the facts is recorded with the instrument;
> (2) the affidavit complies with this section;
> (3) the affidavit states the correct name of a person, if any, whose signature cannot be identified or whose name is not printed, typewritten, or stamped on the instrument as prescribed by this section; and
> (4) when the instrument does not comply with subsection (c)(4), the affidavit states the correct name of the person and states that each of the names used in the instrument refers to the person.

Defendant's rhetoric as to "form and content of a notice of federal tax lien" sidesteps the factual issue of filing "under State laws" as mandated in IRC section 6323(f). I contend that defendant's failure, through its agent, to comply in full with Indiana law is a disregard of 6323(f).

Defendant's motion, devoid of the usual, if obsolete, attempts to avoid litigating

damages through unwarranted reliance upon an internal statement of policy[4], is a dilatory tactic, intended to needlessly increase the cost of this litigation; insofar as it asserts "failure to state a claim", it is nothing more than an attempt to have the Court to impose an even stronger "heightened pleading standard", considerably higher than *Bell Atl. Corp. v. Twombly,*'s modification of *Conley v. Gibson*, 355 U.S. 41.

Defendant's lengthy Memorandum in Support has certainly shown that My Amended Verified Complaint "gives the defendant fair notice of the claim" contained therein,[5] as described in Fed.R.Civ.P. 8(a), and of "the grounds upon which it rests." Even if defendant's assertion is found to have a basis, as a pro se litigant, my pleadings should be liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and I should be granted leave to further amend to cure the asserted defect.

## QUESTION PRESENTED

Is defendant confusing Plaintiffs' suggestion as to means for calculating damages (in Remedy Sought) with the jurisdictional statement (set forth at the Introduction)?

## DISCUSSION

Defendant first asserts that "The Court lacks jurisdiction over plaintiffs' claim pursuant to 26 U.S.C. § 7214", yet follows that clearly unwarranted assertion with the

---

[4] See: Chrysler v. Brown, 441 U.S. 281, at 301, 302; Morton v. Ruiz, 415 U.S. 199, at 236; Batterton v. Francis, 432 U.S. 416, 425 n. 9; compare: TREASURY DIRECTIVE 28-01 and TREASURY DIRECTIVE 25-03.

[5] It appears as if defendant has already admitted that at least 10 of the counts are valid.

statement that "Plaintiffs assert that the allegations of the complaint support a separate cause of action pursuant to section 7214." Defendant's confusion as to whether the instant case is based upon 7214 jurisdiction[6] or that "the allegations of the complaint support a separate cause of action"[7] cannot and should not form a basis for dismissal.

Based upon the foregoing, the United States' Motion to Dismiss my Amended Verified Complaint should be denied.

Respectfully Submitted

Dated  1-24-08 , 2008

Robert D. Stewart

---

[6]Plaintiffs have made no assertion of jurisdiction under 7214 to hear the instant case.

[7]Defendant is apparently aware that charges may be brought against its agents, notwithstanding the Plaintiffs did not raise this issue in the Remedy Sought.

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the forgoing on:

Beatriz Saiz
U.S. Department of Justice
P.O. Box 227
Washington D.C. 20044

Dated  _1-24-08_ , 2007

*Robert D Stewart*