UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ROBERT D. STEWART,**<br><br>　　Plaintiff,<br><br>　　v.<br><br>**UNITED STATES OF AMERICA,**<br><br>　　Defendant. | Civil Action No. 07-0814 (JDB) |

## MEMORANDUM OPINION

Plaintiff Robert Stewart seeks damages pursuant to 26 U.S.C. § 7433 for alleged misconduct by the Internal Revenue Service ("IRS") in connection with the collection of taxes in the absence of a lawful tax assessment, resting his claims on many of the same boilerplate allegations that have been asserted by numerous other individuals mounting similar challenges in this district. His first lawsuit on this subject was dismissed for failure to prosecute and failure to exhaust administrative remedies. See Stewart v. United States, No. 06-0127, 2006 WL 1582280 (D.D.C. June 6, 2006). Plaintiff has renewed his request for relief under section 7433 with the filing of this restyled amended complaint. Defendant United States ("defendant") responds that the complaint still must be dismissed because several of the claims do not fit within the cause of action authorized by section 7433, and the complaint, in any event, contains insufficient factual allegations to satisfy the notice pleading requirements of Fed. R. Civ. P. 8(a). Defendant also contends that plaintiff is precluded by statute from obtaining any injunctive relief relating to the assessment or collection of taxes. Defendant therefore has moved to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

## BACKGROUND

Section 7433(a) of the Internal Revenue Code ("Code") authorizes taxpayers to bring an action for civil damages against any officer or employee of the IRS who acts in disregard of the Code or its implementing regulations in connection with collection activity. The provision authorizing this cause of action states:

> If, <u>in connection with any collection of Federal tax</u> with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

26 U.S.C. § 7433(a) (emphasis added). A taxpayer's ability to obtain injunctive relief, however, is limited by the Anti-Injunction Act, which provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person" except for actions under specific statutory provisions enumerated therein.[1] 26 U.S.C. § 7421.

Plaintiff alleges that the United States, through the IRS and its employees, has unlawfully taken the position that he owes taxes and has disregarded the provisions of the Internal Revenue Code and its regulations in the course of pursuing collection activities against him. Am. Compl. at 4-22. Plaintiff enumerates 34 "counts" of alleged IRS misconduct, reciting a litany of regulations and statutory provisions, but providing few facts underlying the violations alleged. See id.. He does not identify the tax years at issue or the amount of taxes demanded by the IRS; nor does he specify the persons involved in the alleged misconduct, or identify the encumbered

---

[1] The statutory provisions excepted from the Anti-Injunction Act are 26 U.S.C. §§ 6015(e), 6212(a) and (c), 6213(a), 6225(b), 6246(b), 6330(e)(1), 6331(i), 6672(c), 6694(c), 7426(a) and (b)(1), 7429(b), and 7436. See 26 U.S.C. § 7421(a). Plaintiff has not requested injunctive relief under any of these provisions.

properties at issue.  Instead, plaintiff alleges the following general types of violations of law:  (1) failure to prepare or execute substitute tax returns on his behalf, and disclose such returns to him (Counts 1-7); (2) failure to lawfully make or record proper assessments of taxes against him (Counts 8-15); (3) failure to implement the IRS's authority to collect taxes under section 6301 in compliance with existing regulations (Counts 16-22); (4) failure to provide notice of unpaid tax and demands for payment thereof (Counts 23-25); (5) "conduct the natural consequence of which is to harass, oppress, or abuse" (Count 26); and (6) unlawful attempts to collect taxes through improper notices of unidentified liens and/or levy issued without proper procedures (Counts 27-34).

Based on these allegations, plaintiff requests an order directing defendant to pay damages under 26 U.S.C. § 7433 in the amount of $10,000 for each disregard of each Internal Revenue Code law or regulation, or, in the alternative, to order such payment under 26 U.S.C. § 7214, a separate provision of the Internal Revenue Code governing criminal offenses by federal employees.  Am. Compl. at 22-23.

## STANDARD OF REVIEW

"[I]n passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see Leatherman v. Tarrant Cty. Narcotics and Coordination Unit, 507 U.S. 163, 164 (1993); Phillips v. Bureau of Prisons, 591 F.2d 966, 968 (D.C. Cir. 1979).  Therefore, the factual allegations must be presumed true, and plaintiffs must be given every favorable inference that may be drawn from the allegations of fact.  Scheuer, 416 U.S. at 236; Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000).  However, the Court need not accept as true "a legal conclusion

3

couched as a factual allegation," nor inferences that are unsupported by the facts set out in the complaint. Trudeau v. Federal Trade Comm'n, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

Here, the Court will treat defendant's motion to dismiss the damages claim as one for failure to state a claim upon which relief can be granted because the alleged deficiency pertains, in large part, to the boundaries of the right of action under section 7433, in contrast to a statutory provision speaking to the jurisdiction of the district courts. See Arbaugh v. Y&H Corp., 126 S. Ct. 1235, 1245 (2006) ("when Congress does not rank a statutory limitation as . . . jurisdictional, courts should treat the restriction as non-jurisdictional in nature"); see also Trudeau, 456 F.3d at 188, 191 (observing that whether a statute authorizes a cause of action presents a question of whether plaintiff states a claim upon which relief can be granted, rather than jurisdiction).

In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court is mindful that all that the Federal Rules of Civil Procedure require of a complaint is that it contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. ___, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); accord Erickson v. Pardus, 551 U.S. ___, 127 S. Ct. 2197, 2200 (2007) (per curiam). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp., 127 S. Ct. at 1964-65; see also Papasan, 478 U.S. at 286. Instead, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative

level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp., 127 S. Ct. at 1965 (citations omitted).

## DISCUSSION

**I.     Damages under 26 U.S.C. § 7433**

Defendant moves to dismiss all but five counts of the complaint on the ground that they impermissibly mount a challenge to the merits of plaintiff's underlying tax liability in contrast to any collection activity by the IRS.[2]  Def.'s Mem. at 1-2.  The Court agrees that section 7433 does not provide a cause of action for any alleged IRS violations of law in connection with the assessment of taxes, but is instead limited to damages arising from conduct in connection with the "collection of Federal tax."  Therefore, those counts challenging alleged IRS violations in connection with the assessment of taxes, or challenging other actions that are not in connection with the "collection" of taxes, will be dismissed.

Judge Collyer conducted a comprehensive analysis of the scope of the right of action under section 7433 in Buaiz v. United States, 471 F. Supp. 2d 129, 135-36 (D.D.C. 2007), and reached the well-supported conclusion that "§ 7433 does not provide a cause of action for wrongful tax assessment or other actions that are not specifically related to the collection of income tax."  Judge Collyer observed that all of the circuits that have addressed this issue, along with several district courts, have reached the same conclusion, which is supported by the legislative history, the structure of the Internal Revenue Code, and principles of statutory construction.  Id.  (citing Miller v. United States, 66 F.3d 220, 222-23 (9th Cir. 1995), Shaw v. United States, 20 F.3d 182, 184 (5th Cir. 1994), and Gonsalves v. IRS, 975 F.2d 13, 16 (1st Cir.

---

[2] These are Counts 1 through 22, 24, 25, 29, 30, 32, 33, and 34.  See Def.'s Mem. at 2.

1992)). Plaintiff disagrees with that narrow construction of "collection," and makes the conclusory assertion that "every provision of the Internal Revenue Code and every tax regulation implementing a Code provision is 'in connection with . . . collection.'" See Pl.'s Mem. at 2 (emphasis added). Plaintiff's broad interpretation of the term "collection" has no basis in law. No court has so held; indeed, as Buaiz comprehensively explained, an assessment or tax determination, or investigation of tax liability, is distinct from the act of "collection" of taxes. See 471 F. Supp. 2d at 135-36. And as the Ninth Circuit explained in Miller, this interpretation finds strong support in the legislative history -- most notably, the "conference committee responsible for [§ 7433] rejected a proposed amendment to allow taxpayers the right to sue for damages in connection with determination of a federal tax." See 66 F.3d at 223 (emphasis in original). For the reasons articulated in Buaiz, Miller, Shaw, and Gonsalves, this Court has joined in the holding that "section 7433 does not provide a cause of action for wrongful tax assessment, the absence of a tax assessment, or other actions not related to the collection of income tax," and hence applies that holding here as well.[3] See Jaeger v. United States, 524 F. Supp. 2d 60, 63-64 (D.D.C. 2007); Bryant v. United States, 527 F. Supp. 2d 137, 140-41 (D.D.C. 2007); see also Spahr v. United States, 501 F. Supp. 2d 92, 95 (D.D.C. 2007) (Huvelle, J.) (adopting the holding of Buaiz).

Many of plaintiff's claims fall outside the right of action authorized by section 7433.

---

[3] Judge Collyer held that such limitations on the right of action under section 7433 are jurisdictional because they pertain to the scope of the United States' waiver of sovereign immunity. Buaiz, 471 F. Supp. 2d at 135-36. This Court concludes, however, that the limitations on the right of action are nonjurisdictional because the language of section 7433 is not jurisdictional (see Arbaugh, 126 S. Ct. at 1245) and, furthermore, this Circuit treats the lack of a right of action as an issue of failure to state a claim upon which relief can be granted. See Trudeau, 456 F.3d at 188, 191.

Counts 1 through 7 arise from the IRS's alleged failure to prepare or execute substitute returns on his behalf or to disclose those returns to him.  See Compl. at 4-7.  This type of conduct is separate and distinct from efforts by the IRS to collect taxes, and thus is not actionable under section 7433.  See Buaiz, 471 F. Supp. 2d at 136; Spahr, 501 F. Supp. 2d at 96.  Counts 8 through 15 are based on the IRS's alleged failure to lawfully make or record a proper assessment of taxes against him.  Compl. at 7-12.  These claims, too, do not arise from tax collection efforts, but rather from alleged failures regarding assessments.  See Buaiz, 471 F. Supp. 2d at 136; Spahr, 501 F. Supp. 2d at 96.

Counts 16 through 34, however, arguably arise from tax collection efforts, as they relate to the IRS's alleged failure to properly implement its authority to collect taxes under section 6301 in compliance with existing regulations, the failure to provide notices of unpaid tax and demands for payment, general harassment, and the unlawful imposition of tax liens or levies.  See Buaiz, 471 F. Supp. 2d at 137.  Defendant contends that the claims relating to "collection" of taxes must nonetheless be dismissed because they contain insufficient factual allegations to state a claim upon which relief can be granted.  See Def.'s Mem. at 3.  The Court agrees that the allegations are far too conclusory to satisfy the notice pleading standards of Fed. R. Civ. P. 8(a).  The complaint, although 23 pages in length, contains very few factual allegations.  Each of the remaining counts -- including the counts concerning liens and levies -- recites in conclusory language that "[b]y disregard of" a cited provision of the Internal Revenue Code or its regulations "with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury" either "failed to implement" a Code provision or regulation, or "exceeded the limits" of its authority in doing so.  Compl. at 12-21.  Although each count is accompanied by a subsection

entitled "Factual Basis," no facts are given; instead, all that appears are quotes or paraphrases of the statutory provision cited, or a conclusory statement that plaintiff has "rebutt[ed] any presumption that [an] assessment" was made.[4] See id.

These excerpts are nothing more than legal conclusions -- that the IRS has failed to make an assessment and has violated a provision of the Internal Revenue Code or regulations -- interspersed with formulaic recitation of the statutory language.[5] But, as the Supreme Court observed in Bell Atlantic Corp. v. Twombly, a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation" of legal elements to satisfy the Rule 8 notice pleading standard. 127 S. Ct. at 1964-65. Instead, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. (citations omitted).

Stripped of the legal conclusions and formulaic language from the Internal Revenue Code, the only factual allegations that can be discerned are that the IRS has determined that plaintiff owes taxes and that it has taken a "collection" action against plaintiff in the form of one or more unidentified notices of lien or levy. Such scant factual allegations fail to satisfy the notice pleading requirements because they do not put defendant on notice as to which notices of tax liens or levies are at issue, or the specific IRS conduct pertaining to liens or levies that is unlawful, or whether some other action in pursuit of collection is at issue. Indeed, plaintiff fails

---

[4] Sometimes the "Factual Basis" cites to "Exhibit __" -- leaving the exhibit number blank -- but no exhibits are attached to the amended complaint or plaintiff's brief. Compl. at 13, 19.

[5] For example, plaintiff makes the broad allegation, reciting language from section 6304, that the IRS has "engag[ed] in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of any unpaid tax." Compare Compl. at 18 with 26 U.S.C. § 6304 ("The Secretary may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of any unpaid tax."). The conduct that falls within that legal description is not identified in the complaint except for a vague reference to a failure to produce unidentified records.

even to identify which tax years are at issue.

Defendant also moves to dismiss the complaint to the extent that plaintiff asserts a right of action for damages under 26 U.S.C. § 7214(a). See Def.'s Reply at 1-2. The Court agrees that claim must be dismissed. Section 7214 is a criminal statute that does not provide for a private right of action and thus is "not enforceable through a civil action." Andrews v. Heaton, 483 F.3d 1070, 1076 (10th Cir. 2007); Jaeger, 524 F. Supp. 2d at 65; Wesselman v. United States, 501 F. Supp. 2d 98, 99-100 n. 1 (D.D.C. 2007). Moreover, section 7433 provides the exclusive damages remedy for any alleged IRS conduct "in connection with any collection of Federal tax with respect to a taxpayer." 26 U.S.C. § 7433(a); Evans v. United States, 478 F. Supp. 2d 68, 71 (D.D.C. 2007); Ross v. United States, 460 F. Supp. 2d 139, 151-52 (D.D.C. 2006).

## II.   Injunctive Relief

Plaintiff also requests an order broadly enjoining the IRS from violating the Internal Revenue Code. Compl. at 22. Plaintiff does not otherwise specify the scope of the injunction sought, but the Court discerns from the complaint read as a whole that the alleged unlawful conduct at issue relates to the assessment and collection of taxes. Defendant submits that such relief is barred by the Anti-Injunction Act, 26 U.S.C. § 7421.

The Anti-Injunction Act provides, in relevant part, that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." Id. This Court in Ross, 460 F. Supp. 2d at 147-48, previously addressed whether the Anti-Injunction Act applies to this very type of injunction -- one seeking to enjoin the IRS from engaging in unlawful assessment and collection activity -- and, after considering whether any exceptions applied, concluded that the Anti-Injunction Act precluded the entry of such an injunction. As the Court

9

noted, every decision in this Circuit to address the availability of injunctive relief to a plaintiff challenging the assessment and collection of income taxes by the IRS has held that the court lacks subject matter jurisdiction under the Anti-Injunction Act to grant such relief.  See, e.g., Lindsey v. United States, 448 F. Supp. 2d 37, 58-59 (D.D.C. 2006); Davis v. United States, 2006 WL 2687018, at *4-5 (D.D.C. Sept. 19, 2006); Erwin v. United States, 2006 WL 2660296, at *8-9 (D.D.C. Sept. 15, 2006).  The Court again reaches that conclusion here.

Plaintiff's request for relief mirrors the language of the Administrative Procedure Act ("APA") in some respects, insofar as it refers to "compelling agency action unlawfully withheld" and "setting aside agency actions."  Compl. at 22.  To the extent plaintiff seeks injunctive relief under the APA, the claim fails based on the Anti-Injunction Act because "an action brought under the APA is barred if it concerns the assessment or collection of federal taxes."  McGuirl v. United States, 360 F. Supp. 2d 129, 132 (D.D.C. 2004), aff'd, 167 Fed. Appx. 808 (D.C. Cir. 2005); see also Foodservice and Lodging Inst. v. Regan, 809 F.2d 842, 844 (D.C. Cir. 1987) (holding that a challenge asserting that tax regulations concerning the assessment or collection of taxes were arbitrary and irrational was precluded by the Anti-Injunction Act); Ross, 460 F. Supp. 2d at 149-50.

## CONCLUSION

For the foregoing reasons, the Court will grant defendant's motion to dismiss plaintiff's amended complaint.  A separate order has been issued on this date.

>                  /s/
>            JOHN D. BATES
>       United States District Judge

Dated:   September 23, 2008